United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51051
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE ALEXANDER CASEREZ-BALLECIOS, also known as
Cesar Omar Casarez-Vallecillos,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CR-95-ALL-SS
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

     Jose Alexander Caserez-Ballecios (Caserez) appeals his

sentence following his guilty-plea conviction for illegal reentry

following deportation, in violation of 8 U.S.C. § 1326.  Caserez

argues that he is entitled to a downward departure because the

Immigration and Naturalization Service issued him a work permit

after learning that he was an illegal alien and a convicted

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

felon, and then allowed him to remain in the United States for several years.

This court has jurisdiction to review the district court's refusal to depart downward "only if the district court based its decision upon an erroneous belief that it lacked the authority to depart." United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999). This court has no jurisdiction if the district court refused to depart downward "based on its determination that departure [was] not warranted on the facts of the case." United States v. Palmer, 122 F.3d 215, 222 (5th Cir. 1997).

The record reflects that the district court was aware that it had the authority to depart downward, but that it refused to do so based on the circumstances of the case. Consequently, this court lacks jurisdiction to review the district court's refusal to depart. Landerman, 167 F.3d at 899. Accordingly, this appeal is DISMISSED.